821 F.2d 649
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Christopher D. CURRY, Petitioner-Appellant,
v.
Dale FOLTZ, Respondent-Appellee.
 No. 86-1866
 United States Court of Appeals, Sixth Circuit.
 June 23, 1987.
 
 Before KENNEDY and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Petitioner, an inmate of the Southern Michigan State Prison in Jackson, is serving a sentence of 10 to 25 years on a conviction of first degree criminal sexual conduct. Petitioner appeals from a judgment of the district court denying his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. Petitioner has exhausted his state remedies in the Michigan Court of Appeals and the Michigan Supreme Court.
 
 
 3
 Petitioner claims that: 1) he was prejudiced at trial by testimony from a detective that petitioner invoked his Miranda rights after petitioner was arrested; 2) his trial on charges of kidnapping and first degree criminal sexual conduct amounted to double jeopardy; 3) he was denied a fair trial because inadmissible hearsay evidence was admitted to bolster the testimony of the complainant; 4) the trial court erred in failing to instruct the jury on petitioner's theory of the case; and 5) the trial court erred in refusing to read back testimony requested by the jury.
 
 
 4
 In regard to the third claim, petitioner claims that he was denied a fair trial because inadmissible hearsay evidence was admitted regarding what the complainant told various witnesses. Despite the fact that petitioner's counsel did not object to this testimony at trial, addressing the merits, we conclde that petitioner fails to raise a constitutional question in this regard. Thus, petitioner cannot question these evidentiary rulings in this habeas proceeding. Bell v. Arn, 536 F.2d 123 (6th Cir. 1976). These witnesses were subject to extensive cross-examination by petitioner's counsel regarding the statements by the complainant. Furthermore, the complainant herself took the stand and was also subject to cross-examination. Thus, petitioner was afforded a fair opportunity to challenge this evidence and this claim is meritless.
 
 
 5
 Petitioner also alleges in the fourth claim that the trial court erred in failing to instruct the jury about petitioner's defense of consent by the complainant. Generally, review of jury instructions is not cognizable in a habeas proceeding unless the result of an erroneous instruction or lack of a particular instruction was to impugn the fundamental fairness of the trial. Henderson v. Kibbe, 431 U.S. 145 (1977); Brofford v. Marshall, 751 F.2d 845 (6th Cir.), cert. denied, 106 S.Ct. 194 (1985). Again, although petitioner did not object to the trial court's instructions, examination of the record discloses no resulting prejudice. Furthermore, the court did instruct the jury on the defense of consent in terms of the kidnapping charge and petitioner's counsel argued the consent theory in general in his closing argument. Thus, this claim also does not warrant granting the habeas relief petitioner seeks.
 
 
 6
 As for petitioner's remaining claims, these are also without merit and we hereby affirm for the reasons set forth in the magistrate's recommendation and the district court's opinion. Accordingly, for these reasons, the district court's judgment denying the petition for writ of habeas corpus is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.